1

2

3

4

5

6

7

8

9

10

FILED

14 MAR 25  PM 2: 44

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DS

DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RIOS,<br>CDCR #E-52249,<br><br>                                   Plaintiff,<br><br>vs.<br><br>D. PARAMO, R. BLAHNICK;<br>K. BALAKIAN; B. CROTTS;<br>B. MILLUM; A. HERNANDEZ;<br>R. OLSON; J. RAMIREZ,<br><br>                                   Defendants. | Civil No.    13cv2455 WQH (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S<br>MOTION TO PROCEED<br>*IN FORMA PAUPERIS*<br>(ECF Doc. No. 2)**<br><br>**AND**<br><br>**(2)  DISMISSING COMPLAINT<br>FOR FAILING TO STATE A<br>CLAIM PURSUANT TO<br>28 U.S.C. §§ 1915(e)(2)<br>AND 1915A(b)** |

Carlos   Rios   ("Plaintiff"),   currently   incarcerated   at   Richard   J.   Donovan
Correctional Facility ("RJD"), in San Diego, California, and proceeding pro se, has filed
a civil rights complaint pursuant to 42 U.S.C. § 1983.

Plaintiff alleges Defendants have violated his rights to access to the courts by
limiting his access to RJD's prison library on an "ongoing basis," and have retaliated
against him for seeking library access by denying his repeated prison grievances, failing
to properly respond to his complaints, and conspiring to "cover up" the unlawful acts of

subordinates. *See* Compl. (ECF Doc. No. 1) at 4-11. Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages. *Id.* at 12-13.

Plaintiff has not prepaid the $400 statutory and administrative civil filing fees required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

# I.

## PLAINTIFF'S MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a $350 filing fee. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of

---

[1] Civil litigants filing actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

1   the prisoner must collect subsequent payments, assessed at 20% of the preceding

2   month's income, in any month in which the prisoner's account exceeds $10, and forward

3   those payments to the Court until the entire filing fee is paid.   *See* 28 U.S.C.

4   § 1915(b)(2).

5          In support of his IFP Motion, Plaintiff has submitted certified copies of his trust

6   account statements pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.

7   *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statements,

8   as well as the prison certificate issued by a senior accounting officer at RJD which

9   verifies his account history and available balances. Plaintiff's statements show an

10  average monthly balance of $231.56, and average monthly deposits of $43.34, but an

11  available balance of zero in his account at the time it was submitted to the Court for

12  filing.  Based on this financial information, the Court GRANTS Plaintiff's Motion to

13  Proceed IFP (ECF Doc. No. 2) and assesses an initial partial filing fee of $46.31 pursuant

14  to 28 U.S.C. § 1915(b)(1).

15         However, the Secretary of the California Department of Corrections and

16  Rehabilitation, or his designee, shall collect this initial fee only if sufficient funds in

17  Plaintiff's account are available at the time this Order is executed pursuant to the

18  directions set forth below. See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event

19  shall a prisoner be prohibited from bringing a civil action or appealing a civil action or

20  criminal judgment for the reason that the prisoner has no assets and no means by which

21  to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C.

22  § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based

23  solely on a "failure to pay ... due to the lack of funds available to him when payment is

24  ordered."). The remaining balance of the $350 total owed in this case shall be collected

25  and forwarded to the Clerk of the Court pursuant to the installment payment provisions

26  set forth in 28 U.S.C. § 1915(b)(1).

27  / / /

28  / / /

## II.

### INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) AND 1915A(b)(1)

### A.     Standard of Review

Notwithstanding IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to

the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

**B.    42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**C.    Plaintiff's Allegations**

Plaintiff claims that Defendant Blahnick, who is RJD's Facility C Librarian, denied him "meaningful access to the court" beginning in September 2012 by limiting his access to the law library, denying him "PLU" status pursuant to 15 CAL. CODE REGS., § 3123(b), [2] and failing to comply with confidentiality procedures governing photocopy

---

[2]  "Inmates who have established court deadlines may apply for Priority Legal User (PLU) status to the prison law libraries.  Inmates who are granted PLU status based on their applications shall receive higher priority to prison law library resources than other inmates." Cal. Code Regs., tit. 15 § 3122(b) (2011).

1  practices.  *See* Compl. at 5, 7; Pl's Ex. B (ECF Doc. No. 1) at 21.  Plaintiff further
2  alleges that the remaining Defendants, all "supervisors" or inmate appeal officials, tasked
3  with reviewing his administrative grievances, conspired and retaliated against him for
4  seeking redress by improperly denying and/or processing his grievances and "failing to
5  stop or fix the wrong[s]" of their subordinate officers. *See* Compl. at 3, 5-11.

6  **D.    Access to Courts Claims**

7        Prisoners do "have a constitutional right to petition the government for redress of
8  their grievances, which includes a reasonable right of access to the courts." *O'Keefe v.*
9  *Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276,
10 1279 (9th Cir. 1995).  In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held
11 that "the fundamental constitutional right of access to the courts requires prison
12 authorities to assist inmates in the preparation and filing of meaningful legal papers by
13 providing prisoners with adequate law libraries or adequate assistance from persons who
14 are trained in the law." *Id.* at 828.  To establish a violation of the right to access to the
15 courts, however, a prisoner must allege facts sufficient to show that: (1) a non-frivolous
16 legal attack on his conviction, sentence, or conditions of confinement has been frustrated
17 or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S.
18 343, 353-55 (1996).  An "actual injury" is defined as "actual prejudice with respect to
19 contemplated or existing litigation, such as the inability to meet a filing deadline or to
20 present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir.
21 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d
22 1083, 1093 (9th Cir. 1996).

23       Here, Plaintiff fails to allege that Defendant Blahnick's refusal to grant him PLU
24 status or failure to comply with confidentiality photocopy procedures on any particular
25 occasion precluded his pursuit of a non-frivolous direct or collateral attack upon either
26 his criminal conviction or sentence or the conditions of his current confinement. *See*
27 *Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and
28 ability to "attack [his] sentence[], directly or collaterally, and ... to challenge the

conditions of [his] confinement."). In addition, Plaintiff must also, but has failed to, describe the non-frivolous nature of the "underlying cause of action, whether anticipated or lost." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

In short, unless Plaintiff can show that "a complaint he prepared was dismissed," or that he was "so stymied" by Defendant Blahnick's actions that "he was unable to even file a complaint," direct appeal, or petition for writ of habeas corpus that was not "frivolous," his access to courts claim must be dismissed. *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] ... the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope.").

**E.    Administrative Grievance Processing & Respondeat Superior Claims**

As to the remaining Defendants, Warden Paramo, Associate Warden Hernandez, Education Supervisors Balakian and Crotts, Academic Instruction Supervisor Millum, and RJD Appeals Coordinators Olson and Ramirez, Plaintiff's claims center on their failure to either correct and/or properly supervise Blahnick via CDC 602 inmate grievance procedures. *See* Compl. at 5-11. Plaintiff alleges all these Defendants at one time or another "failed to stop or fix the wrong[s]," were responsible for abuses [they] kn[e]w were being committed by their subordinates," and "cover[ed] up misconduct." *Id.* at 2-3, 10.

First, a prisoner has no constitutional right to an effective grievance or appeal procedure, however. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also, e.g., George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (holding that only persons who cause or participate in civil rights violations can be held responsible and that "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation"); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prison officials whose only roles involved the denial of the prisoner's administrative grievances could not be held liable under § 1983); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("[A prison]

1  grievance procedure is a procedural right only, it does not confer any substantive right
2  upon the inmates."); *Jimenez v. Hitfield*, 2012 WL 244149 at *6 (E.D. Cal. Jan. 25, 2012)
3  ("Because there is no right to any particular grievance process, plaintiff cannot state a
4  cognizable civil rights claim for a violation of his due process rights based on allegations
5  that prison officials ignored or failed to properly process grievances."); *Wright v.*
6  *Shapirshteyn*, 2009 WL 361951 at *3 (E.D. Cal. Feb. 12, 2009) (noting that "where a
7  defendant's only involvement in the allegedly unconstitutional conduct is the denial of
8  administrative grievances, the failure to intervene on a prisoner's behalf to remedy
9  alleged unconstitutional behavior does not amount to active unconstitutional behavior
10  for purposes of § 1983"); *Velasquez v. Barrios*, 2008 WL 4078766 at *11 (S.D. Cal.
11  Aug. 29, 2008) ("An official's involvement in reviewing a prisoner's grievances is an
12  insufficient basis for relief through a civil rights action.").

13      Second, to the extent Plaintiff seeks to sue Paramo, Balakian, Crotts, Millum,
14  Hernandez, Olson or Ramirez based on their "legal[] responsib[ility] for the abuses
15  committed by their subordinates, Compl. at 2-3, his Complaint, fails to "contain
16  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on
17  its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Because
18  vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each
19  government-official defendant, through the official's own individual actions, has
20  violated the Constitution." *Id.* at 676; *see also Jones v. Community Redevelopment*
21  *Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff
22  must "allege with at least me degree of particularity overt acts which defendants engaged
23  in" in order to state a claim). Thus, in order to avoid the respondeat superior bar,
24  Plaintiff must include sufficient "factual content that allows the court to draw the
25  reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556
26  U.S. at 678, including personal acts by each individual defendant which show a direct
27  causal connection to a violation of specific constitutional rights. *Taylor v. List*, 880 F.2d
28  1040, 1045 (9th Cir. 1989).

1    As currently pleaded, however, Plaintiff's Complaint sets forth only "'naked
2  assertion[s] devoid of 'further factual enhancement'" sufficient to state a plausible
3  entitlement to relief against Defendants Paramo, Balakian, Crotts, Millum, Hernandez,
4  Olson and Ramirez. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).
5  Therefore, the Court finds Plaintiff has also failed to state a claim against Paramo,
6  Balakian, Crotts, Millum, Hernandez, Olson and Ramirez pursuant to 28 U.S.C.
7  § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

8    **F.    Retaliation & Conspiracy**

9    Throughout his Complaint, Plaintiff also makes reference to "retaliatory bias" and
10  conspiracies to deny him the "full benefit of the law." *See* Compl. at 5-6, 8-9, 10.

11   "Within the prison context, a viable claim of First Amendment retaliation entails
12  five basic elements: (1) [a]n assertion that a state actor took some adverse action against
13  an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)
14  chilled the inmate's exercise of his First Amendment rights, and (5) the action did not
15  reasonably advance a legitimate correctional goal. *See, e.g., Resnick v. Hayes*, 213 F.3d
16  443, 449 (9th Cir. 2000); *Barnett [v. Centoni]*, 31 F.3d [813] 815-16 [(9th Cir. 1994)]."
17  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

18   As currently pleaded, Plaintiff's Complaint fails to include "sufficient factual
19  matter" which identifies any particular adverse action was taken against him *because* he
20  exercised any constitutional right. *See Iqbal*, 556 U.S. at 678; *Soranno's Gasco, Inc. v.*
21  *Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (plaintiff must show that the protected
22  conduct was a "substantial" or "motivating" factor in the defendant's decision to act);
23  *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). Plaintiff
24  has further fail to allege facts sufficient to show that any Defendants' action failed to
25  advance a legitimate correctional goal such as "preserving institutional order and
26  discipline." *Barnett*, 31 F.3d at 815-16.

27   Plaintiff's conspiracy claims also fail to include sufficient factual content to permit
28  the Court "to draw the reasonable inference that [any] defendant is liable" under § 1983.

*Iqbal*, 556 U.S. at 678.  To support a claim of a conspiracy under § 1983, Plaintiff's Complaint must contain sufficient factual matter to show "'(1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement.'"  *Avalos v. Baca,* 596 F.3d 583, 592 (9th Cir. 2010) (quoting *Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991)).

As currently pleaded, Plaintiff's Complaint fails to sufficiently allege either a plausible factual basis to show either an express of implied agreement to deny his constitutional rights, nor any "further factual enhancement" to show an "actual deprivation" of any violation of any constitutional right.  *Iqbal*, 556 U.S. at 678; *Avalos*, 596 F.3d at 592.

For all these reasons, the Court finds that Plaintiff has failed to state a plausible claim for relief against any person subject to suit pursuant to 42 U.S.C. § 1983.  *Iqbal*, 556 U.S. at 678.  Therefore, his Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  *See* 28 U.S.C. § 1915(e)(2); § 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.  Because Plaintiff is proceeding in pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also provide him an opportunity to "effectively" amend.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2) is GRANTED.

2.      The Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the initial filing fee assessed in this Order, and shall forward the remainder of the $350 filing

1  fee owed by collecting monthly payments from Plaintiff's account in an amount equal

2  to twenty percent (20%) of the preceding month's income and shall forward payments

3  to the Clerk of the Court each time the amount in the account exceeds $10 in accordance

4  with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED

5  BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

6       3.    The Clerk of the Court is directed to serve a copy of this Order on Jeffrey

7  A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box

8  942883, Sacramento, California, 94283-0001.

9       **IT IS FURTHER ORDERED** that:

10       4.    Plaintiff's Complaint is DISMISSED without prejudice for failing to state

11  a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is

12  GRANTED forty five (45) days leave from the date this Order is filed in which to file a

13  First Amended Complaint which cures all the deficiencies of pleading noted above.

14  Plaintiff's Amended Complaint must be complete in itself without reference to his

15  original pleading. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner*

16  *& Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes

17  the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted) ("All

18  causes of action alleged in an original complaint which are not alleged in an amended

19  complaint are waived.").[3]

20  DATED    3/25/14

21

22                            HON. WILLIAM Q. HAYES
                          United States District Judge

23

24      [3] Finally, Plaintiff is cautioned that should his Amended Complaint still fail to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and

25  may hereafter be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996). "Pursuant to § 1915(g), a prisoner

26  with three strikes or more cannot proceed IFP." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which

27  were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *id.* (internal quotations omitted), "even if the district court styles such dismissal as a denial of the

28  prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).