FILED

14 SEP -2 PM 1:20

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RIOS, CDCR #E-52249,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>D. PARAMO, R. BLAHNICK; K. BALAKIAN; B. CROTTS; B. MILLUM; A. HERNANDEZ; R. OLSON; J. RAMIREZ,<br><br>　　　　　　　　　Defendants. | Civil No.   13cv2455 WQH (JMA)<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) AND 28 U.S.C. § 1915(d)** |

## I. PROCEDURAL HISTORY

Carlos Rios ("Plaintiff"), a state prisoner proceeding pro se and currently incarcerated at the Richard J. Donovan Correctional Facility, has initiated this civil rights action pursuant to 42 U.S.C. § 1983.

On March 25, 2014, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), but dismissed his Complaint sua sponte for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *See* Doc. No. 5 at 10-11. Plaintiff was granted leave to amend in order to correct the deficiencies of pleading identified in the Court's Order. *Id.*

Plaintiff requested and was granted an extension of time in which to amend, and he has since filed an Amended Complaint (Doc. No. 9).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As Plaintiff is aware, the Prison Litigation Reform Act ("PLRA") requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

///
///
///

As currently pleaded, the Court finds the allegations in Plaintiff's Amended Complaint sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] *See Lopez*, 203 F.3d at 1126-27. Accordingly, the Court will order U.S. Marshal service on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. The Clerk shall issue a summons as to Plaintiff's Amended Complaint (Doc. No. 9) upon Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk is directed to provide Plaintiff with a certified copy of the Court's March 25, 2014 Order granting Plaintiff leave to proceed IFP (Doc. No. 5), a certified copy of his Amended Complaint (Doc. No. 9), and the summons so that he may serve each named Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal will serve a copy of Plaintiff's Amended Complaint and summons upon each Defendant as directed by Plaintiff on the USM Form 285s. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

2. Defendants are thereafter **ORDERED** to reply to Plaintiff's Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

1  permitted to "waive the right to reply to any action brought by a prisoner confined in any
2  jail, prison, or other correctional facility under section 1983," once the Court has
3  conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b),
4  and thus, has made a preliminary determination based on the face on the pleading alone
5  that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is
6  required to respond).

7      3.    Plaintiff must serve upon Defendants or, if appearance has been entered by
8  counsel, upon Defendants' counsel, a copy of every further pleading or other document
9  submitted for consideration by the Court. Plaintiff must include with the original paper
10 to be filed with the Clerk of the Court a certificate stating the manner in which a true and
11 correct copy of any document filed was served on Defendants, or counsel for Defendants,
12 and the date of such service. Any paper received by the Court which has not been filed
13 with the Clerk or which fails to include a Certificate of Service will be disregarded.

15 DATED: 8/28/14

HON. WILLIAM Q. HAYES
United States District Judge