1

2

3

4

5

6

7

8

9      **UNITED STATES DISTRICT COURT**

10      **SOUTHERN DISTRICT OF CALIFORNIA**

11

12   CARLOS RIOS,                          CASE NO. 13cv2455-WQH-
     CDCR #E-52249,                        JMA
13
                              Plaintiff,   ORDER
14        vs.

15   D. PARAMO; R. BLAHNICK;
     K. BALAKIAN; B. CROTTS;
16   B. MILLUM; A. HERNANDEZ;
     R. OLSON; J. RAMIREZ,
17
                              Defendants.
18   HAYES, Judge:

19        The matter before the Court is the Motion to Enforce Settlement filed by

20   Defendants.  (ECF No. 59).

21   **I. Background**

22        On October 10, 2013, Plaintiff Carlos Rios, currently incarcerated at Richard J.

23   Donovan Correctional Facility ("RJD"), commenced this action by filing a Complaint

24   pursuant to 42 U.S.C. section 1983 (ECF No. 1) and a motion for leave to proceed in

25   forma pauperis (ECF No. 2) in this Court.  The Complaint asserted claims for violations

26   of the First, Eighth, and Fourteenth Amendments.  On March 25, 2014, the Court

27   granted the motion for leave to proceed in forma pauperis, dismissed the Complaint for

28   failure to state a claim, and granted Plaintiff forty-five days to file a First Amended

1   Complaint ("FAC").  (ECF No. 5).

2   On May 12, 2014, Plaintiff filed the FAC, which is the operative complaint in

3   this case.  (ECF No. 9).  The FAC asserts claims for violations of the First, Sixth,

4   Eighth, and Fourteenth Amendments and violations of the Americans with Disabilities

5   Act and Rehabilitation Act.  Plaintiff alleges that Defendants required him to choose

6   between outdoor exercise and attending the law library.   Plaintiff alleges that

7   Defendants refused him the reasonable accommodation of placement in a

8   developmental disability program, which includes legal assistance. Plaintiff alleges that

9   Defendants retaliated against him for complaining about these issues by charging him

10  with a false "128-B general chrono" on August 8, 2013, and that the appeals coordinator

11  did not properly process his inmate appeals.  *Id.* at 9-10.

12  On January 14, 2015, United States Magistrate Judge Jan M. Adler held a

13  telephonic case management conference.  (ECF No. 23).  On January 14, 2015, the

14  Magistrate Judge issued an Order Scheduling Telephonic Mandatory Settlement

15  Conference.  (ECF No. 24).  The Magistrate Judge set a settlement conference for

16  February 24, 2015, at 9:30 a.m.  On January 27, 2015, Plaintiff filed a motion to change

17  the time of the settlement conference in this case.  (ECF No. 26).  Plaintiff requested

18  that the settlement conference be continued to 10:45 a.m. on the same date because

19  Plaintiff was scheduled to appear at a "court settlement conference at the same date and

20  time in the Superior Court of California, County of San Diego, Hall of Justice for Case

21  No. 37-2014-0036-102-CU-WM-CTL at Dept. C-67 on February 24, 2015, at 9:30

22  a.m."  *Id.* at 1.  On January 29, 2015, the Magistrate Judge reset the settlement

23  conference to February 25, 2015, at 9:30 a.m.  (ECF No. 27).

24  On February 2, 2015, Plaintiff filed a "Motion for Extension of Time and Request

25  to be Relieve [sic] from this Court's Order Convening a Case Management

26  Conference...."  (ECF No. 29).  The motion again requested that the settlement

27  conference be continued to 10:45 a.m. on February 24, 2015, because Plaintiff was

28  scheduled to appear in San Diego Superior Court at 9:30 a.m. On February 2, 2015, the

Magistrate Judge granted the motion in part and again stated that the settlement conference was continued to February 25, 2015, at 9:30 a.m.  (ECF No. 30).

On February 25, 2015, the Magistrate Judge held the telephonic settlement conference.  (ECF No. 33).  On February 25, 2015, the Magistrate Judge issued an Order stating that the case settled "and the terms of the settlement were placed on the record."  (ECF No. 34 at 1).  The transcript of the on-the-record portion of the February 25, 2015 settlement conference provides, in pertinent part:

The Clerk: Case Number 13cv2455, Rios vs. Paramo, placing settlement on the record.

The Court: Good Morning.  May I have appearances, please.

Mr. Sheehy: Yes, Your Honor.  Good Morning.  This is Terrence Sheehy on behalf of Defendants.

Mr. Rios: My name is Carlos Rios on behalf of petitioner.

The Court: All right.  Thank you.  The parties have reached a settlement after a second settlement conference held this morning.  I thank you for your efforts in successfully reaching this settlement.  And Mr. Sheehy, if you will please put the terms of the settlement on the record.

Mr. Sheehy: Thank you very much, Your Honor.  Yes.  The Defendants from CDCR agree to settle this case without an admission of liability for an amount of $1,000, in exchange for Mr. Rios' signature on a dismissal and the settlement agreement and release and a payee data form.  This settlement covers all claims and allegations and defendants in the case of Carlos Rios vs. D. Paramo and others, 13cv2455 in the Southern District of California, and all past or current employees of CDCR.  This settlement is inclusive of all costs and attorney's fees.  Have I read the settlement terms correctly sir?

Mr. Rios: Yes, sir.

The Court: All right.  And Mr. Rios, do you agree to the settlement terms?

Mr. Rios: Yes, I agree, Your Honor.

The Court: All Right.  Thank you.  All right.  Again, I thank both sides for your efforts to reach this settlement.
...

Mr. Rios: Your Honor –

Mr. Sheehy: Your Honor, May I have one more moment?

The Court: Yes.

Mr. Sheehy: I apologize.  Mr. Rios, during our previous discussions,

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

indicated that he's willing to dismiss Warden Paramo and Correctional Officer M., as in Michael, Zuniga from –

Mr. Rios: Suniga.  Suniga, S-U-N-I-G-A.

Mr. Sheehy: – From another lawsuit.  Is that correct, Mr. Rios?

Mr. Rios: The property claims, yeah, I'm willing to.

Mr. Sheehy: Okay.  That's all I wanted to get on the record, Your Honor.

The Court: All right.  Thank you again, gentlemen.

(ECF No. 53-2 at 4-7).

The Magistrate Judge ordered that the parties file a proposed order for dismissal on or before March 27, 2015.  On March 9, 2015, Plaintiff attempted to file an opposition to Defendants' proposed settlement agreement and a request for a follow up settlement conference.  (ECF No. 35-1).  The Magistrate Judge rejected the document for filing on the ground that settlement documents are not to be filed with the Court. (ECF No. 35).

On May 1, 2015, Defendants filed the Motion to Enforce Settlement.  (ECF No. 53).  On May 18, 2015, Plaintiff filed an opposition which contains a request for an evidentiary hearing.  (ECF No. 59).

## II.  Contentions of the Parties

Defendants contend that "[t]he evidence of the circumstances leading up to the February 25, 2015 settlement conference overwhelmingly supports the conclusion that Plaintiff knew he was appearing in this litigation, that he knew of the claims that would be discussed in this case, and that he knowingly and voluntarily agreed to settle and dismiss this case for $1,000."  (ECF No. 53-1 at 11).  Defendants contend that the terms of the settlement agreement were read on the record and reflect a meeting of the minds with respect to the terms of the settlement agreement.  Defendants contend that "Plaintiff participated in this agreement, he agreed that the terms were correctly read, and he informed the court that he agreed to those terms."  *Id.* at 13.  Defendants contend that the discussion of the settlement on the record indicates that Plaintiff "understood that he was negotiating a settlement on the claims in this case, and not any other case

13cv2455-WQH-JMA

1  involving a property claim" *Id.* Defendants assert that Plaintiff did not express any

2  uncertainty with respect to what he was agreeing to.

3        Plaintiff requests an evidentiary hearing in order to cross-examine Defendants'

4  attorney regarding off-the-record negotiations that misled Plaintiff into believing he was

5  settling his state court property claim, pending in San Diego County Superior Court,

6  Case No. 37-2014-0036-102-CU-WM-CTL. Plaintiff contends that his state court case

7  "was the only claim that the parties negotiated during the telephonic settlement

8  conference dated January 14, 2015 and February 25, 2015." (ECF No. 59 at 13).

9  Plaintiff contends that disclosure of off-the-record negotiations will reveal that the

10  settlement agreement was "fraudulent." *Id.* at 14. Plaintiff asserts that he did not

11  receive the Orders setting the settlement conference, and that he was never given this

12  case number during the settlement conference.

13        Plaintiff submits a declaration in support of his opposition. *Id.* at 4-7. Plaintiff

14  states that during off-the-record settlement negotiations before the Magistrate Judge and

15  Defendants' counsel on January 14, 2015, "no case number was provided...." *Id.* at 4.

16  Plaintiff states that his lost personal property was discussed at this time. Plaintiff states

17  that he "reasonabl[y] believe[d]" that he was at a state court conference at that time

18  because he had "signed a stipulation to particpate[] in settlement negotiations" in Case

19  No. 37-2014-0036-102-CU-WM-CTL. *Id.* at 5. Plaintiff states that he provided $1,000

20  as a "monetary range" to settle his state court property claim at the January 14, 2015

21  case management conference. *Id.*

22        Plaintiff states that on January 20, 2015, he received the January 14, 2015 Order

23  scheduling a settlement conference in this case, which he believed "was a coincidence

24  with the January 14, 2015, conference...." *Id.* Plaintiff states that when he appeared for

25  the settlement conference on February 25, 2015, he believed he was appearing at a

26  "follow up settlement conference" to the January 14, 2015 conference, which he

27  believed was in state court. *Id.* Plaintiff states that his state court property claim was

28  discussed off the record during the February 25, 2015 settlement conference, but neither

1    "the defense counsel nor the Magistrate Judge identified any other legal cause of actions

2    cited in this actual Complaint...." *Id.* at 6.  Plaintiff states that Defendants' counsel

3    "agreed to settle Petitioner [sic] property claim for $ 1,000." *Id.*  Plaintiff states that he

4    was then rushed to enter into an oral settlement agreement on the record.

5    **III. Discussion**

6         "It is well settled that a district court has the equitable power to enforce

7    summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d.

8    888, 890 (9th Cir. 1987).  "The construction and enforcement of settlement agreements

9    are governed by principles of local law which apply to interpretation of contracts

10   generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989).  "This is true even

11   though the underlying cause of action is federal." *United Commercial Ins. Serv., Inc.*

12   *v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992).

13        "Where material facts concerning the *existence* or *terms* of an agreement to settle

14   are in dispute, the parties must be allowed an evidentiary hearing. *Callie*, 829 F.2d at

15   890 (emphasis in original) ("[T]he district court abused its discretion by not conducting

16   an evidentiary hearing. The appellants raised two factual issues which were material for

17   determining the validity and scope of the settlement agreement.").  If a party presents

18   "allegations which, if true, would indicate that there was no meeting of minds sufficient

19   to effect a settlement agreement, the district court [can] not properly resolve this factual

20   dispute merely by weighing the affidavits and relying on the unsworn statements of

21   counsel." *Id.* at 891.  Conversely, an evidentiary hearing is not required where there are

22   no disputed issues of material fact. *See Paymaster*, 962 F.2d at 858.

23        **A.  Fraud**

24        California Civil Code section 1689 provides that "[a] party to a contract may

25   rescind the contract ... [i]f the consent of the party rescinding ... was obtained through

26   ... fraud ... exercised by or with the connivance of the party as to whom he rescinds, or

27   of any other party to the contract jointly interested with such party." Cal. Civ. Code §

28   1689(b)(1).  Under California law, there are two types of fraud which may void a

contract or render a contract voidable. *Village Northridge Homeowners Ass'n v. State*

1    *Farm Fire and Cas. Co.*, 50 Cal. 4th 913, 921 (2010).  "If the fraud goes to the

2    execution or inception of the contract, so that the promisors do not know what they are

3    signing, the contract lacks mutual assent and is void. It thus may be disregarded without

4    the necessity of rescission." *Id.* (citation and internal quotations omitted). "In the usual

5    case of fraud, where the promisor knows what he is signing but his consent is induced

6    by fraud, mutual assent is present and a contract is formed, which, by reason of the

7    fraud, is voidable." *Id.* (citation and internal quotations omitted).

8           With respect to fraud in the execution, California law requires:

9           the plaintiff, in failing to acquaint himself or herself with the contents of
            a written agreement before signing it, not have acted in an objectively
10          unreasonable manner. One party's misrepresentations as to the nature or
            character of the writing do not negate the other party's apparent
11          manifestation of assent, if the second party had "reasonable opportunity
            to know of the character or essential terms of the proposed contract."  If
12          a party, with such reasonable opportunity, fails to learn the nature of the
            document he or she signs, such "negligence" precludes a finding the
13          contract is void for fraud in the execution.

14   *Rosenthal v. Great W. Fin. Secs. Corp.*, 14 Cal. 4th 394, 423 (1996) (citations omitted).

15   In this case, the terms of the settlement agreement were read on the record.  *See* ECF

16   No. 53-2 at 4-5 ("Mr. Sheely: Thank you very much Your Honor.  Yes.  The

17   Defendants from CDCR agree to settle this case without an admission of liability for

18   an amount of $1,000, in exchange for Mr. Rios' signature on a dismissal and the

19   settlement agreement and release and a payee data form.  This settlement covers all

20   claims and allegations and Defendants in this case of Carlos Rios vs. Paramo and

21   others, 13CV2455 in the Southern District of California, and all past or current

22   employees of CDCR.  This settlement is inclusive of all costs and attorney's fees.").

23   Plaintiff acknowledged that the terms of the settlement agreement were correct.  *See*

24   *id.* at 5 ("Mr. Sheely: Have I read the settlement terms correctly, sir? Mr. Rios: Yes,

25   Sir.").  Plaintiff indicated his consent on the record.  *See id.* ("The Court: All right.  And

26   Mr. Rios, do you agree to the settlement terms? Mr. Rios: Yes.  I agree, your honor.").

27   Any failure of Plaintiff to learn of the terms of the settlement agreement was due to

28   negligence, *i.e.*, his failure to listen to the terms of the settlement agreement that were

read on the record.  The Court concludes that fraud in the execution will not preclude

1    enforcement of the settlement agreement.

2    With respect to fraudulent inducement, "[t]he elements of fraud, which give rise

3    to the tort action for deceit, are (a) misrepresentation (false representation, concealment,

4    or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to

5    induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior*

6    *Court*, 12 Cal. 4th 631, 637 (1996).  Even taking as true Plaintiff's statements that the

7    parties discussed Plaintiff's state court claim prior to going on the record and that

8    Defendants' counsel did so with the intent to mislead Plaintiff, Plaintiff has failed to

9    introduce evidence of an affirmative representation.  In addition, Plaintiff cannot

10   establish a concealment or fraudulent non-disclosure resulting from a failure to state this

11   case number.  This case number was twice read on the record when the parties settled

12   this case on the record.  The Court concludes that fraudulent inducement will not

13   preclude enforcement of the settlement agreement.

14   **B.  Mistake of Fact**

15   Consent is "essential to the existence of a contract."  Cal. Civ. Code § 1550.

16   "The consent of the parties to a contract must be: 1. Free; 2. Mutual; and, 3.

17   Communicated by each to the other."  Cal. Civ. Code § 1565.  "A consent which is not

18   free is nevertheless not absolutely void, but may be rescinded by the parties, in the

19   manner prescribed by the Chapter on Rescission."  Cal. Civ. Code § 1566.  "An

20   apparent consent is not real or free when obtained through ... Mistake."  Cal. Civ. Code

21   § 1567.

22   "A party to a contract may rescind the contract ... [i]f the consent of the party

23   rescinding ... was obtained through ... mistake ... exercised by or with the connivance

24   of the party as to whom he rescinds, or of any other party to the contract jointly

25   interested with such party."  Cal. Civ. Code § 1689(b)(1). Section 1576 defines mistake

26   as either of "fact" or "law."  Cal. Civ. Code § 1576.  Section 1577 defines "mistake of

27   fact" as follows:

28   a mistake, not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in:

(1) An unconscious ignorance or forgetfulness of a fact past or present, material to the contract; or,

(2) a belief in the present existence of a thing material to the contract, which does not exist, or in the past existence of such a thing, which has not existed.

Cal. Civ. Code § 1577. Where a unilateral mistake of fact is not caused by the opposing party, the party claiming mistake of fact must establish the following facts to obtain rescission of the contract: "(1) the [party claiming mistake] made a mistake regarding a basic assumption upon which the defendant made the contract; (2) the mistake has a material effect upon the agreed exchange of performances that is adverse to [the mistaken party]; (3) [the mistaken party] does not bear the risk of the mistake; and (4) the effect of the mistake is such that enforcement of the contract would be unconscionable." *Donovan v. RRL Corp.*, 26 Cal. 4th 261, 282 (2001). "[R]escission is [also] available for a unilateral mistake, when the unilateral mistake is known to the other contracting party and is encouraged or fostered by that party." *Merced Cnty. Mut. Fire Ins. Co. v. State*, 233 Cal. App. 3d 765, 772 (1991); *see Meyer v. Benko*, 55 Cal. App. 3d 937, 944 (1976); *see also Architects & Contractors Estimating Servs., Inc. v. Smith*, 164 Cal. App. 3d 1001, 1007-08 (1985) ("Unilateral mistake is ground for relief where the mistake is due to the fault of the other party or the other party knows or has reason to know of the mistake.").

"[W]here rescission on the ground of mistake is considered ... the outward manifestations of the parties, which resulted in the formation of the contract, are not controlling. As specified in the Restatement Second of Contracts section 151, comment a, a party's erroneous belief 'need not be an articulated one ....'" *Schultz v. Cnty. of Contra Costa*, 157 Cal. App. 3d 242, 249 (1984).

### i. Mistake of Fact Caused by Opposing Party

Plaintiff states that Defendants' counsel took "unreasonable advantage of a weaker party" and "misled" him, but Plaintiff offers no evidence demonstrating that Defendants' counsel was aware or should have been aware of Plaintiff's alleged mistake or discussed Plaintiff's state court claim in order to mislead him. (ECF No. 59 at 6-7).

1  The record establishes that Defendants' counsel stated the name and number of this case

2  on the record.  The Court concludes that an alleged unilateral mistake of fact due to the

3  fault of Defendants' counsel will not preclude enforcement of the settlement agreement.

4  **ii.  Mistake of Fact Not Caused by Opposing Party**

5  Plaintiff states in his declaration that he believed he was only settling his state

6  court property claim when he settled this case on the record.  Assuming that Plaintiff

7  was actually mistaken with respect to the claims he settled on the record, the parties

8  shall file supplemental briefs addressing the following issues:

9  1.  whether the alleged mistake has a material effect upon the agreed

10  exchange of performances that is adverse to Plaintiff;

11  2.  whether Plaintiff bears the risk of the mistake; and

12  3.  whether "the effect of the mistake is such that enforcement of the

13  contract would be unconscionable."

14  *Donovan v. RRL Corp.*, 26 Cal. 4th at 282.

15  ///

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.  Conclusion**

13cv2455-WQH-JMA

1    IT IS HEREBY ORDERED that the motion to enforce settlement (ECF No. 53)

2  and the request for an evidentiary hearing (ECF No. 59) shall remain pending.  The

3  parties shall file supplemental briefing addressing the following issues:

4    1.  whether the alleged mistake has a material effect upon the agreed

5      exchange of performances that is adverse to Plaintiff;

6    2.  whether Plaintiff bears the risk of the mistake; and

7    3.  whether "the effect of the mistake is such that enforcement of the

8      contract would be unconscionable."

9  Defendants shall file a supplemental brief **no later than August 10, 2015**.  Plaintiff

10  shall file a response **no later than August 31, 2015**.  Defendants may file a reply **no**

11  **later than September 8, 2015**.

12  DATED:  July 23, 2015

13                    _William Q. Hayes_
                   **WILLIAM Q. HAYES**
14                   United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28