1
2
3
4
5
6
7
8
9          **UNITED STATES DISTRICT COURT**

10         **SOUTHERN DISTRICT OF CALIFORNIA**

11

12   CARLOS RIOS,                                    CASE NO. 13cv2455-WQH-
     CDCR #E-52249,                                  JMA
13
                                         Plaintiff,  ORDER
14         vs.

15   D. PARAMO; R. BLAHNICK;
     K. BALAKIAN; B. CROTTS;
16   B. MILLUM; A. HERNANDEZ;
     R. OLSON; J. RAMIREZ,
17
                                       Defendants.
18   HAYES, Judge:

19         The matters before the Court are: (1) the review of the Report and

20   Recommendation (ECF No. 36) issued by United States Magistrate Judge Jan M. Adler,

21   recommending that Plaintiff's Motion for Summary Judgment (ECF No. 32) be denied;

22   and (2) Plaintiff's Motion for Ex Parte Temporary Restraining Order and Preliminary

23   Injunction (ECF No. 52).

24   **I. Background**

25         On October 10, 2013, Plaintiff Carlos Rios, currently incarcerated at Richard J.

26   Donovan Correctional Facility ("RJD"),  commenced this action by filing a  Complaint

27   pursuant to 42 U.S.C. section 1983 (ECF No. 1) and a motion for leave to proceed in

28   forma pauperis (ECF No. 2) in this Court.  The Complaint asserted claims for violations

of the First, Eighth, and Fourteenth Amendments.  On March 25, 2014, the Court granted the motion for leave to proceed in forma pauperis, dismissed the Complaint for failure to state a claim, and granted Plaintiff forty-five days to file a First Amended Complaint ("FAC").  (ECF No. 5).

On May 12, 2014, Plaintiff filed the FAC, which is the operative complaint in this case.  (ECF No. 9).  The FAC asserts claims for violations of the First, Sixth, Eighth, and Fourteenth Amendments and violations of the Americans with Disabilities Act and Rehabilitation Act.  Plaintiff alleges that Defendants required him to choose between outdoor exercise and attending the law library.  Plaintiff alleges that Defendants refused him the reasonable accommodation of placement in a developmental disability program, which includes legal assistance. Plaintiff alleges that Defendants retaliated against him for complaining about these issues by charging him with a false "128-B general chrono" on August 8, 2013, and that the appeals coordinator did not properly process his inmate appeals.  *Id.* at 9-10.  On November 24, 2014, Defendants filed an answer to the FAC.  (ECF No. 18).  To date, no scheduling order has been issued by the Magistrate Judge.

On February 12, 2015, Plaintiff filed the Motion for Summary Judgment (ECF No. 32).  On March 20, 2015, Magistrate Judge Jan M. Adler issued the Report and Recommendation, recommending that Plaintiffs's Motion for Summary Judgment be denied.  (ECF No. 36).  The docket reflects that neither party has filed objections to the Report and Recommendation.

On April 29, 2015, Plaintiff filed the Motion for an Ex Parte Temporary Restraining Order and Preliminary Injunction (ECF No. 52), which requests the Court issue an order enjoining Defendants from engaging in an "ongoing campaign of interference/obstruction/restrict/seizure, or deprivation of Plaintiff's incoming 'privileged mail'" from this Court.  *Id.* at 1.  On May 29, 2015, Defendants filed an opposition.  (ECF No. 60).  On June 17, 2015, Plaintiff filed a reply.  (ECF No. 65).

**II. Review of the Report and Recommendation (ECF No. 36)**

The duties of the district court in connection with the report and recommendation of a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1).  The district judge must "make a *de novo* determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (emphasis added).  The district court need not review *de novo* those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (en banc).

Rule 56 of the Federal Rules of Civil Procedure provides:

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  "Although Rule 56(f) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'"[1] *Metabolife Intern., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).

After review of the Report and Recommendation and all related filings, the Court concludes that the Magistrate Judge correctly determined that the Motion for Summary

---

[1] Effective December 2010, "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."   Fed. R. Civ. P. 56 advisory committee's note (2010).

1  Judgment should be denied as premature.  Discovery has not yet commenced in this

2  case, and a scheduling order has not yet been issued.  The Court adopts the Report and

3  Recommendation in its entirety.  The Motion for Summary Judgment is denied.

4  **III. Motion for Temporary Restraining Order and Preliminary Injunction (ECF**

5  **No. 52)**

6      **A. Contentions of the Parties**

7      Plaintiff requests that the Court issue an order enjoining Defendants from

8  engaging in an "ongoing campaign of interference/obstruction/restrict/seizure, or

9  deprivation of Plaintiff's incoming 'privileged mail' from this Court." (ECF No. 52 at

10  1). Plaintiff contends that Defendants have intentionally interfered with his legal mail

11  and they will likely continue to do so.  Plaintiff contends that he has and will suffer

12  injury when he is unable to receive notice of Court proceedings and deadlines.

13      Defendants contend that Plaintiff's Motion for a Temporary Restraining Order

14  and Preliminary Injunction should be denied because Plaintiff has failed to show he has

15  suffered any injury that provides a basis for injunctive relief.  Defendants assert that

16  there is "simply no evidence that Plaintiff's mail is being interfered with...." (ECF No.

17  60 at 4).  Defendants contend that RJD's mail logs contradict Plaintiff's claims and that

18  Plaintiff has received all the legal mail sent from this Court.

19      In reply, Plaintiff contends that he has failed to receive multiple court documents

20  and that many of the documents that RJD's legal mail log shows he received were from

21  another district court case.

22      **B. Discussion**

23      Rule 65 of the Federal Rules of Civil Procedure provides:

24  (a)(1) The court may issue a preliminary injunction only on notice to the
   adverse party....

25

26  (b)(1) The court may issue a temporary restraining order without written
   or oral notice to the adverse party or its attorney only if:

27      (A) specific facts in an affidavit or a verified complaint
   clearly show that immediate and irreparable injury, loss, or

28      damage will result to the movant before the adverse party can

be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(a)(1) & (b)(1).  When the nonmovant has received notice, as here, the standard for issuing a temporary restraining order is the same as that for issuing a preliminary injunction.  *See Brown Jordan Int'l v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co.*, v. *Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted) (emphasis in original).

To obtain preliminary injunctive relief, a movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Am. Trucking Ass'n v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  "'[S]erious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); *see also Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).  In other words, "a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits."  *Cottrell*, 632 F.3d at 1131.

At a minimum, "the moving party must demonstrate a significant threat of irreparable injury."  *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) (citation omitted).  "[A]n injunction cannot issue merely because it is possible that there will be an irreparable injury to the plaintiff; it must be likely that there will

be." *Am. Trucking Ass'n*, 559 F.3d at 1052. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. If the moving party fails to meet the "minimum showing" of a likelihood of irreparable injury, a court "need not decide whether [the movant] is likely to succeed on the merits." *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, Inc., 762 F.2d 1374, 1377 (9th Cir. 1985).

Plaintiff contends that defendants have intentionally interfered with his legal mail delivery, but Plaintiff has failed to submit any evidence that supports this contention. Furthermore, Plaintiff has asserted a possibility of future injury, but has not provided any evidence which "demonstrate[s] that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original).

The Court concludes that Plaintiff has not "demonstrate[d] immediate threatened injury," which is a prerequisite to preliminary injunctive relief. *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). Because Plaintiff has failed to meet its burden of demonstrating that irreparable injury is likely in the absence of an injunction, the Court "need not decide whether [Plaintiff] is likely to succeed on the merits." *Oakland Tribune*, 762 F.2d at 1376 ("Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury. Because the [plaintiff] has not made that minimum showing we need not decide whether it is likely to succeed on the merits.") (citations omitted); *see also Arcamuzi*, 819 F.2d at 937 (same).

Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction is denied.

**IV. Conclusion**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 36) is adopted in its in its entirety. Plaintiff's Motion for Summary Judgment (ECF No. 32) is DENIED.

        IT IS FURTHER ORDERED that Plaintiff's Motion for Ex Parte Temporary

Restraining Order and Preliminary Injunction (ECF No. 52) is DENIED.

DATED:  July 24, 2015

                                        *William Q. Hayes*
                                        **WILLIAM Q. HAYES**
                                        United States District Judge