1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  CARLOS RIOS,<br>  CDCR #E-52249, | CASE NO. 13cv2455-WQH-JMA |
| 13                                  Plaintiff, | ORDER |
| 14        vs. | |
| 15  D. PARAMO; R. BLAHNICK;<br>  K. BALAKIAN; B. CROTTS;<br>  B. MILLUM; A. HERNANDEZ;<br>  R. OLSON; J. RAMIREZ, | |
| 16 | |
| 17                                  Defendants. | |

18  HAYES, Judge:

19        The matter before the Court is the Motion to Enforce Settlement filed by

20  Defendants.  (ECF No. 53).

21  **I. Background**

22        On October 10, 2013, Plaintiff Carlos Rios, currently incarcerated at Richard J.

23  Donovan Correctional Facility ("RJD"),  commenced this action by filing a  Complaint

24  pursuant to 42 U.S.C. Section 1983 (ECF No. 1) and a motion for leave to proceed in

25  forma pauperis (ECF No. 2).  The Complaint asserted claims for violations of the First,

26  Eighth, and Fourteenth Amendments.  On March 25, 2014, the Court granted the

27  motion for leave to proceed in forma pauperis, dismissed the Complaint for failure to

28  state a claim, and granted Plaintiff forty-five days to file a First Amended Complaint

("FAC").  (ECF No. 5).

On May 12, 2014, Plaintiff filed the FAC, which is the operative complaint in this case.  (ECF No. 9).  The FAC asserts claims for violations of the First, Sixth, Eighth, and Fourteenth Amendments, and violations of the Americans with Disabilities Act and Rehabilitation Act.  Plaintiff alleged that Defendants required him to choose between outdoor exercise and attending the law library.  Plaintiff alleged that Defendants refused him the reasonable accommodation of placement in a developmental disability program, which includes legal assistance.  Plaintiff alleged that Defendants retaliated against him for complaining about these issues by charging him with a false "128-B general chrono" on August 8, 2013, and that the appeals coordinator did not properly process his inmate appeals.  *Id.* at 9-10.

On January 14, 2015, United States Magistrate Judge Jan M. Adler held a telephonic case management conference.  (ECF No. 23).  On January 14, 2015, the Magistrate Judge issued an Order Scheduling Telephonic Mandatory Settlement Conference  for February 24, 2015, at 9:30 a.m.  (ECF No. 24).  On January 27, 2015, Plaintiff filed a motion to change the time of the settlement conference in this case from 9:30 a.m. to 10:45 a.m. on the same date because Plaintiff was scheduled to appear at a "court settlement conference at the same date and time in the Superior Court of California, County of San Diego, Hall of Justice for Case No. 37-2014-0036-102-CU-WM-CTL at Dept. C-67 on February 24, 2015, at 9:30 a.m."  (ECF No. 26 at 1).  On January 29, 2015, the Magistrate Judge issued an order resetting the settlement conference to February 25, 2015, at 9:30 a.m.  (ECF No. 27).

On February 2, 2015, Plaintiff filed a "Motion for Extension of Time and Request to be Relieve [sic] from this Court's Order Convening a Case Management Conference . . . ."  (ECF No. 29).  The motion again requested that the settlement conference be continued to 10:45 a.m. on February 24, 2015, because Plaintiff was scheduled to appear in San Diego Superior Court at 9:30 a.m on February 24, 2015.  On February 2, 2015, the Magistrate Judge granted the motion in part and again stated that the

settlement conference was continued to February 25, 2015, at 9:30 a.m. (ECF No. 30).

On February 25, 2015, the Magistrate Judge held the telephonic settlement conference. (ECF No. 33). On February 25, 2015, the Magistrate Judge issued an Order stating that the case settled "and the terms of the settlement were placed on the record." (ECF No. 34 at 1). The transcript of the on-the-record portion of the February 25, 2015 settlement conference provides, in pertinent part,

> The Clerk: Case Number 13cv2455, Rios vs. Paramo, placing settlement on the record.
>
> The Court: Good Morning. May I have appearances, please.
>
> Mr. Sheehy: Yes, Your Honor. Good Morning. This is Terrence Sheehy on behalf of Defendants.
>
> Mr. Rios: My name is Carlos Rios on behalf of petitioner.
>
> The Court: All right. Thank you. The parties have reached a settlement after a second settlement conference held this morning. I thank you for your efforts in successfully reaching this settlement. And Mr. Sheehy, if you will please put the terms of the settlement on the record.
>
> Mr. Sheehy: Thank you very much, Your Honor. Yes. The Defendants from CDCR agree to settle this case without an admission of liability for an amount of $1,000, in exchange for Mr. Rios' signature on a dismissal and the settlement agreement and release and a payee data form. This settlement covers all claims and allegations and defendants in the case of Carlos Rios vs. D. Paramo and others, 13cv2455 in the Southern District of California, and all past or current employees of CDCR. This settlement is inclusive of all costs and attorney's fees. Have I read the settlement terms correctly sir?
>
> Mr. Rios: Yes, sir.
>
> The Court: All right. And Mr. Rios, do you agree to the settlement terms?
>
> Mr. Rios: Yes, I agree, Your Honor.
>
> The Court: All right. Thank you. All right. Again, I thank both sides for your efforts to reach this settlement.
>
> . . .
>
> Mr. Rios: Your Honor –
>
> Mr. Sheehy: Your Honor, may I have one more moment?
>
> The Court: Yes.

1    Mr. Sheehy: I apologize.  Mr. Rios, during our previous discussions,
2    indicated that he's willing to dismiss Warden Paramo and Correctional
     Officer M., as in Michael, Zuniga from –

3    Mr. Rios: Suniga.  Suniga, S-U-N-I-G-A.

4    Mr. Sheehy: – From another lawsuit.  Is that correct, Mr. Rios?

5    Mr. Rios: The property claims, yeah, I'm willing to.

6    Mr. Sheehy: Okay.  That's all I wanted to get on the record, Your Honor.

7    The Court: All right.  Thank you again, gentlemen.

8    (ECF No. 53-2 at 4-7).

9         The Magistrate Judge ordered the parties to file a proposed order for dismissal

10   on or before March 27, 2015.  (ECF No. 34).  On March 9, 2015, Plaintiff attempted to

11   file an opposition to Defendants' proposed settlement agreement and a request for a

12   follow up settlement conference.  (ECF No. 35-1).  The Magistrate Judge rejected the

13   document for filing on the ground that settlement documents are not to be filed with the

14   Court.  (ECF No. 35).

15        On May 1, 2015, Defendants filed the Motion to Enforce Settlement.  (ECF No.

16   53).  Defendants contended that "Plaintiff refused to sign the [settlement agreement]

17   and 'opposed' the settlement agreement, claiming that defense counsel and Magistrate

18   Judge Adler misled him into believing he was settling his property claim . . . in another

19   case." (ECF No. 53-1 at 6).  In defense counsel's declaration, counsel stated that during

20   the settlement conference,

21        I specifically identified Plaintiff's claims in this case.  I discussed
22        Defendants' legal and factual argument in support of its defense of those
          claims.  For instance, in discussing Plaintiff's access-to-courts claim, I
23        identified certain documentary evidence, prison law library logs, that show
          Plaintiff was provided access to the law library . . . . [W]e reached a
24        settlement where Plaintiff agreed to dismiss his claims in this litigation in
          exchange for $1,000.  The court placed Plaintiff and me on hold so that we
25        could be transferred to the court room telephone and the settlement could
          be read onto the record.  During that time on hold, Plaintiff also agreed,
26        sua sponte, to dismiss his property claims . . . . Neither Magistrate Judge
          Adler nor I ever brought up or broached any claim Plaintiff may have had
27        for lost property.

28

1   (ECF No. 53-3 at 2).  Defendants requested that the court "issue an order enforcing the

2   terms of the settlement . . . ."  (ECF No. 53-1 at 16).

3       On May 18, 2015, Plaintiff filed a response opposing on grounds that defense

4   counsel had discussed Plaintiff's state court claim prior to going on the record with the

5   intent to mislead Plaintiff.   (ECF No. 59 at 6).  Plaintiff also opposed on grounds that

6   defense counsel took "unreasonable advantage of a weaker party" and that Plaintiff

7   believed he was only settling his state court property claim when he settled this case on

8   the record.  *Id*. at 6-7.  Plaintiff also contended that "no case number was provided"

9   during the settlement conference and that he was "rushed" to enter into an oral

10  settlement agreement on the record. *Id.* at 5.  Plaintiff requested an evidentiary hearing.

11  *Id*. at 14.

12      On July 23, 2015, the Court issued an order.   (ECF No. 66).   The Court

13  concluded that "fraudulent inducement will not preclude enforcement of the settlement

14  agreement."  *Id*. at 8.  The Court also concluded "that an alleged unilateral mistake of

15  fact due to the fault of Defendants' counsel will not preclude enforcement of the

16  settlement agreement." *Id*. at 10.  The Court ordered the parties to submit supplemental

17  briefing to address whether the contract could be rescinded on the ground of unilateral

18  mistake of fact under the four *Donovan* factors.  *Id.*  at 11; *see  Donovan v. RRL Corp.*,

19  27 P.3d 702, 716 (Cal. 2014) (describing the four factors that a party must establish to

20  rescind a contract on the ground of unilateral mistake of fact).  Specifically, the Court

21  ordered the parties to address the following,

22      Assuming that Plaintiff was actually mistaken with respect to the claims
        he settled on the record, the parties shall file supplemental briefs
23      addressing the following issues:
            1. whether the alleged mistake has a material effect upon the
24          agreed exchange of performances that is adverse to Plaintiff;
            2. whether Plaintiff bears the risk of the mistake; and
25          3. whether the effect of the mistake is such that enforcement
            of the contract would be unconscionable.
26

27

28  *Id.*  The Court ordered Defendants to file a supplemental brief no later than August 10,

2015 and Plaintiff to file a response no later than August 31, 2015.  *Id*.  The Court stated that Defendants may file a reply no later than September 8, 2015.  *Id*.

On August 10, 2015, Defendants filed supplemental briefing in support of Defendants' Motion to Enforce Settlement.  (ECF No. 68).  On August 19, 2015, Plaintiff notified the Court that he had not received Defendants' supplemental brief. (ECF No. 69).  On August 20, 2015, Defendants submitted an amended certificate of service.  (ECF No. 70).  On August 26, 2015, Plaintiff filed an Ex Parte Motion for Leave to Exceed Page Limit.  (ECF No. 73).  On August 26, 2015, the Court granted Plaintiff's motion.  (ECF No. 74).  On August 26, 2015, Plaintiff filed a response to Defendants' Supplemental Brief and Application for Reconsideration Under CivLR 7.1(i)(1).  (ECF No. 73).  The docket reflects that Defendants have not submitted a reply.

## II.  Contentions of the Parties

Defendants contend that "Plaintiff cannot establish that the *Donovan* factors warrant a rescission of the parties' settlement agreement."  (ECF No. 68 at 1). Defendants contend that Plaintiff's "mistake of not knowing which case he was appearing on, or which claim he was settling" was not the type of "good faith error that would support rescission." *Id*. 2-3.  Defendants contend that Plaintiff's "alleged confusion" was not "mere negligence." *Id*. at 2.  Rather, Defendants contend that Plaintiff's mistake was caused by the neglect of a legal duty and "resulted from [Plaintiff's] failure to act in accordance with reasonable standard of fair dealing in preparing for the settlement conference." *Id.*  Defendant contends that a

> reasonable litigant exercising the requisite diligence in preparing his or her case for a settlement conference, would be, at minimum, expected to review the pleadings and discovery, have a command of the facts and legal theories involved, have examined the strengths and weaknesses of the case, and done his or [her] best to establish a monetary value of the claims.

*Id*. at 4.

Defendants contend that "the mistake does not have a material effect upon the

agreed exchange of performances." *Id*.  Defendant contends that "[a]lthough Plaintiff may now allege that his case is worth more than the agreed settlement amount, [Plaintiff] still benefits from the settlement." *Id*.  Defendants contend that "Plaintiff cannot show that the alleged resulting imbalance of enforcing the settlement is so severe that it would be unfair to require him to perform his obligations under the agreement." *Id*. at 5.  Defendants further contend that "Plaintiff's neglect of his legal duty . . . necessarily means that the risk of mistake must be allocated to [Plaintiff]." *Id*. Defendants contend that it "would not be unconscionable to enforce the settlement agreement because Plaintiff had notice of the settlement conference, he had time to prepare, the parties engaged in an arm's –length negotiation overseen by the Magistrate Judge, and Plaintiff agreed to settle all claims on the record." *Id*. at 6.

Plaintiff requests that the Court "reconsider [its] previous order (re ECF No. 66)" because "there is a genuine issue of material facts as to whether Plaintiff's agreement to settle this litigation was obtained by undue influence, duress, [or] fraud . . . ." (ECF No. 73 at 14-15).  Plaintiff contends that his mistake "was not even mere negligence." Rather, Plaintiff contends that "his lacking of notice was attributed by defendants' subordinates intentional interference with Plaintiff's legal mail from this Court and that such concealment . . . was the cause of his confusion resulting in his reliance on Defendants' counsel['s] false representation and statement." *Id*. at 24.  Plaintiff contends that the mistake has a material effect upon the agreed exchange of performances because "Plaintiff's complaint (ECF No. 9) [for] relief seeks more than $150,000 in money damages" and therefore, this "exchange is not only less desirable for the plaintiff, but also more advantageous to the defendants' in this matter." *Id*. at 25.  Plaintiff contends that he does not bear the risk of the mistake because he "was not neglect on his legal duty." *Id*. at 26.  Plaintiff contends that it would be unconscionable to enforce the settlement agreement because Plaintiff did not have notice of the settlement conference." *Id*. at 26.

/ / /

### III. Discussion

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). "This is true even though the underlying cause of action is federal." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992).

A factual mistake by one party–a unilateral mistake–provides grounds for rescission in certain limited circumstances. *Donovan v. RRL Corp.*, 27 P.3d 702, 715 (Cal. 2001). Where a unilateral mistake of fact is not caused by the opposing party, the party claiming mistake of fact must establish the following facts to obtain rescission of the contract.

> (1) the [party claiming mistake] made a mistake regarding a basic assumption upon which the [mistaken party] made the contract; (2) the mistake has a material effect upon the agreed exchange of performances that is adverse to [the mistaken party]; (3) [the mistaken party] does not bear the risk of the mistake; and (4) the effect of the mistake is such that enforcement of the contract would be unconscionable.

*Id*. at 716.

A mistake of fact may support the rescission of an agreement unless the mistake was caused "by the neglect of a legal duty on the part of the person making the mistake." Cal. Civ. Code § 1577. "[O]rdinary negligence does not constitute neglect of a legal duty within the meaning of Civil Code section 1577." *Id*. at 718.

> A concept similar to neglect of a legal duty is described in section 157 of the Restatement Second of Contracts, which addresses situations in which a party's fault precludes relief for mistake. Only where the mistake results from "a failure to act in good faith and in accordance with reasonable standards of fair dealing" is rescission unavailable. . . . The mere fact that a mistaken party could have avoided the mistake by the exercise of reasonable care does not preclude avoidance on the ground of mistake.

*Id*. at 717. Failure to negotiate in accordance with reasonable standards of fair dealing "bars a mistaken party from relief based on a mistake that otherwise would not have

1   been made." *Id*. at 718. "During the negotiation stage each party is held to a degree of

2   responsibility appropriate to the justifiable expectations of the other." *Id*.

3          In this case, Plaintiff had prior notice of the settlement conference. Based on that

4   notice, Plaintiff moved the Court for a continuance of the settlement conference because

5   it interfered with a "court settlement conference at the same date and time in the

6   Superior Court of California, County of San Diego, Hall of Justice for Case No. 37-

7   2014-0036-102-CU-WM-CTL at Dept. C-67." (ECF No. 26 at 1). Pursuant to

8   Plaintiff's request, the Magistrate Judge reset the settlement conference for February

9   25, the day after Plaintiff's settlement conference in Superior Court. *See* ECF No. 27.

10  The record reflects that both the Court Clerk and Defendants' counsel read the case

11  number into the record at the settlement conference. *See* ECF No. 53-2 at 4 ("<u>The</u>

12  <u>Clerk</u>: **Case Number 13CV2455**, *Rios vs. Paramo*, placing settlement on the record .

13  . . . <u>Mr. Sheehy</u>: . . . This settlement covers all claims and allegations and defendants in

14  the case of *Carlos Rios vs. D. Paramo* and others, **13cv2455 in the Southern District**

15  **of California**, and all past or current employees of CDCR" (emphases added)). The

16  record demonstrates that Plaintiff acknowledged that the terms of the settlement

17  agreement were correct. *See id*. at 5 ("<u>Mr. Sheely</u>: Have I read the settlement terms

18  correctly, sir? <u>Mr. Rios</u>: Yes, sir."). Plaintiff also indicated his consent to settle the

19  case on the record. *See id*. ("<u>The Court</u>: All right. And Mr. Rios, do you agree to the

20  settlement terms? <u>Mr. Rios</u>: Yes. I agree, your honor.").

21         Under the circumstances of this case, defense counsel was justified in expecting

22  Plaintiff to know the court Plaintiff was appearing in and the case at issue. Defense

23  counsel stated in counsel's declaration, "I specifically identified Plaintiff's claims in

24  this case. I discussed Defendants' legal and factual argument in support of its defense

25  of those claims." The record reflects that it was only *after* Plaintiff agreed to the

26  settlement terms that defense counsel mentioned that Plaintiff was willing to settle

27  another lawsuit and that it was Plaintiff who stated that the other lawsuit was a property

28  claim. *See id*. (<u>The Court</u>: All right. . . I thank both sides for your efforts to reach this

1    settlement.  Mr. Sheehy: Your honor, may I have one more moment?  The Court: Yes.

2    Mr. Sheehy: I apologize.  Mr. Rios, during our previous discussions, indicated that he's

3    willing to dismiss Warden Paramo and Correctional Officer M. . . . [f]rom another

4    lawsuit. Is that correct, Mr. Rios?  Mr. Rios:  The property claims, yeah, I'm willing

5    to.")  Although Plaintiff appeared pro se, Plaintiff "must follow the same rules of

6    procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

7    1986); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se

8    litigants in the ordinary civil case should not be treated more favorably than parties with

9    attorneys of record.").  "[T]he risk of a mistake must be allocated to a party where the

10   mistake results from that party's neglect of a legal duty." *Id.* at 717; *see also* Cal. Civ.

11   Code § 1577.  Because Plaintiff's mistake resulted from Plaintiff's neglect of a legal

12   duty, Plaintiff must bear the risk of the mistake.  *See* Cal. Civ. Code § 1577.

13        Even if Plaintiff did not bear the risk of the mistake, Plaintiff is unable to

14   establish that the mistake impacts the exchange of performance in a manner adverse to

15   him.  To establish such, Plaintiff "must show that the resulting imbalance in the agreed

16   exchange is so severe that it would be unfair to require [Plaintiff] to perform."

17   *Donovan*, 27 P.3d at 717.  A party can satisfy this requirement by showing that the

18   exchange is not only less desirable for the mistaken party, but is also more

19   advantageous to the other party. Rest. 2d Contracts, § 152, com. C.  After an arm's-

20   length negotiation in the presence of the Magistrate Judge, Defendants agreed to pay

21   Plaintiff $1,000 in exchange for Plaintiff's dismissal of his civil rights lawsuit.  While

22   the benefit of settling the case may now seem less desirable to Plaintiff, Plaintiff still

23   benefits from the settlement by receiving $1,000 from Defendants.  Further, the

24   settlement does not unfairly benefit Defendants; Defendants remain responsible for

25   paying Plaintiff.

26        Similarly, Plaintiff cannot establish that enforcement of the settlement agreement

27   would be unconscionable.  "An unconscionable contract ordinarily involves both a

28   procedural and substantive element: (1) oppression or surprise due to unequal

bargaining power, and (2) overly harsh or one-sided results." *Donovan*, 27 P.3d at 723. "A contractual term is substantively suspect if, viewed at the time the contract was formed, it allocates the risks in an unreasonable or unexpected manner." *Zullo v. Superior Court*, 127 Cal. Rptr. 3d 461, 465 (Ct. App. 2011).  With respect to the procedural element, Plaintiff initiated this action and participated in the settlement conference.   During that conference, Plaintiff had options other than to settle; specifically, Plaintiff could have proceeded with the litigation against defendants or demanded a higher settlement amount.  The Magistrate Judge was present during the settlement conference as a neutral party and found that the parties had reached a settlement.  (ECF No. 34).   There was no oppression or surprise due to unequal bargaining power despite Plaintiff's pro se and incarcerated status.   As to the substantive element, the settlement agreement is not "overly harsh" or "one-sided." *See Donovan*, 27 P.3d at 723.  Plaintiff agreed to dismiss his claims against Defendants in exchange for $1,000.  Plaintiff stated that he understood and agreed to the settlement announced in open court. The settlement agreement is not unconscionable.

Plaintiff cannot prove all four *Donovan* factors required to support rescission in the case, therefore, the Court concludes that the settlement agreement should be enforced.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**IV. Conclusion**

IT IS HEREBY ORDERED that Plaintiff's Application for Reconsideration is denied.

IT IS FURTHER ORDERED that the Motion to Enforce Settlement is granted. (ECF No. 53).  No later than fourteen (14) days from the date of this Order, Defendants shall pay Plaintiff the sum of money stated in the Memorandum of Settlement and file a notice with the Court certifying that the money has been paid.  Thereafter, the Court will dismiss this action with prejudice.

DATED:  December 10, 2015

_William Q. Hayes_
WILLIAM Q. HAYES
United States District Judge